# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| ERIC CLEM, | ] |
| --- | --- |
| Plaintiff, | ] |
| vs. | ] Case No: |
| COFFEE COUNTY, TENNESSEE, | ] |
| Defendant. | ] JURY DEMAND |

## COMPLAINT

Plaintiff Eric Clem ("Plaintiff" or "Mr. Clem"), by and through counsel, makes the following Complaint against Defendant Coffee County, Tennessee. ("Defendant" or "Coffee County").

## JURISDICTION & VENUE

1. This action involves the application of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, *et seq;* and common law claims for Workers Compensation Retaliation. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331.

2. The claims asserted in this action arose in Coffee County, Manchester, Tennessee; therefore, proper venue for this action lies within the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITE

3. Mr. Clem has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on December 11, 2023; a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

4. Mr. Clem is an adult male individual and citizen of the United States who resides in Coffee County, Manchester, Tennessee.

5. At all relevant times, Mr. Clem was an employee of Coffee County within the meaning of the ADAAA and the Tennessee Workers Compensation Law, Tenn. Code Ann. § 50-6-102(12).

6. Defendant is an employer within the meaning of the Tennessee Workers Compensation Laws, Tenn. Code Ann. § 50-6-102(13).

7. Defendant is a public employer and regularly conducts business at 76 County Jail Lane, Manchester, Tennessee 37355.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or proceeding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

9. Defendant employed Mr. Clem from 2010 until 2018 as a Deputy Sheriff.

10. In 2018, Defendant promoted Mr. Clem to a School Resource Officer, where he remained until November 3, 2023.

11. Plaintiff was the sole School Resource Officer at his assigned school.

12. Plaintiff's job duties included maintaining a safe and secure environment within the school by patrolling the campus and keeping watch for threats from outsiders and students.

13. Plaintiff has suffered complications from ruptured disks in his back since the beginning of his employment with Defendant, many of which have required surgical intervention.

14. As a result of Plaintiff's surgeries, he was prescribed opiates to mitigate pain and discomfort.

15. Mr. Clem was disabled as his back condition and treatment, in their unmitigated form, interfered with the major life activities of walking, standing, lifting, performing manual tasks, and working.

16. Mr. Clem's disability had also previously caused him to take leaves of absence for treatment and surgery.

17. At all times, Defendant was aware of Plaintiff's disability and treatment.

18. In or around October 2022, Plaintiff aggravated his injury in the course of his employment with Defendant when he became involved in an incident involving a student.

19. The student assaulted Mr. Clem requiring Mr. Clem to restrain the student.

20. After this incident, Plaintiff noticed his disability and back pain were exacerbated.

21. As a result, Mr. Clem reported the injury to Defendant.

22. After reporting the injury, Plaintiff was asked by Defendant to submit to a drug screening.

23. Mr. Clem was not disciplined for the incident involving the student.

24. Plaintiff's drug screening returned a positive result for Oxycodone/Oxymorphone, a class of drugs Plaintiff had been legally prescribed due to his disability.

25. Importantly, the drug screen did not indicate whether Plaintiff was under the influence of his prescribed medication while on duty.

26. On November 3, 2022, one day after receiving the drug screening results, Plaintiff was terminated by Defendant for violation of their drug-free workplace policy without further inquiry.

27. Plaintiff informed Defendant that he had a valid prescription for the medication in question and offered to provide evidence in support.

28. Plaintiff was not allowed the opportunity to review or explain his test results, as required by County Policy.

29. Defendant also denied Plaintiff a second drug screen.

30. Defendant terminated Plaintiff based on his actual and/or perceived disability and in retaliation for filing or attempting to file a workers' compensation claim.

## COUNT I – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT (DISABILITY DISCRIMINATION)

31. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

32. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

33. Plaintiff was disabled in that he had been diagnosed with and sought treatment for ruptured disks in his back, which impacted the major life activities of walking, standing, performing manual tasks, working, and driving.

34. Defendant was aware of Plaintiff's disability as Mr. Clem took time off work for multiple surgeries on his ruptured disks during his employment with Defendant.

35. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of ADAAA, 42 U.S.C. § 12112, *et. seq.*

36. Defendant took adverse employment actions against Plaintiff because of his disability and/or perceived disability and/or in retaliation for his requests for reasonable accommodation.

37. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

38. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

**COUNT II- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
(FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS)**

39. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

40. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

41. Plaintiff was disabled in that he had been diagnosed with and sought treatment for ruptured disks in his back, which impacted the major life activities of walking, standing, performing manual tasks, working, and driving.

42. Defendant was aware of Plaintiff's disability as Mr. Clem took time off work for multiple surgeries on his ruptured disks during his employment with Defendant.

43. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of ADAAA, 42 U.S.C. § 12112, *et. seq*.

44. Plaintiff could perform the essential functions of his job with reasonable accommodation.

45. Defendant was aware of Plaintiffs disability.

46. Defendant failed to engage in the interactive process in good faith.

47. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

48. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT III- VIOLATIONS OF THE AMERICANS WITH DSIABILITIES ACT (FAILURE TO ACCOMMODATE)

49. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

50. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

51. Plaintiff was disabled in that he had been diagnosed with and sought treatment for ruptured disks in his back, which impacted the major life activities of walking, standing, performing manual tasks, working, and driving.

52. Defendant was aware of Plaintiff's disability as Mr. Clem took time off work for multiple surgeries on his ruptured disks during his employment with Defendant.

53. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of ADAAA, 42 U.S.C. § 12112, *et. seq*.

54. Plaintiff could perform the essential functions of his job with reasonable accommodation.

55. Defendant was aware of Plaintiffs disability.

56. Defendant refused to consider or offer Plaintiff a reasonable accommodation.

57. Defendant took adverse employment actions against Plaintiff because of his disability and/or perceived disability and/or in retaliation for his requests for reasonable accommodation.

58. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

59. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT IV – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (RETALIATION)

60. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

61. Under the ADA's retaliation provision, it is unlawful to "discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a).

62. Plaintiff engaged in protected activity when he used prescribed opiates to manage his back pain.

63. Plaintiff was disabled.

64. Plaintiff's disability limited the major life activities of walking, standing, performing manual tasks, working, and driving.

65. Defendant knew of Plaintiff's disability.

66. Defendant failed to accommodate Plaintiff's disability.

67. Defendant instead elected to terminate Plaintiff.

68. A causal link exists between the Defendant's decision to terminate Plaintiff and Plaintiff engaging in a protected activity.

69. Defendant did not terminate Plaintiff for a legitimate, non-retaliatory reason and any reason given by Defendant is pretext.

70. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

71. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT V- WORKER'S COMPENSATION RETALIATION

72. Plaintiff re-alleges and incorporates by reference the facts set forth above.

73. Plaintiff was an employee of Defendant and suffered an on the job injury within the scope of his employment;

74. Plaintiff made or attempted to make a claim against the Defendant for workers' compensation benefits;

75. Defendant terminated Plaintiff's employment; and

76. The claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the Plaintiff's employment.

**WHEREFORE**, Plaintiff requests this Court enter judgment in favor of the Plaintiff and against Defendant for:

(1) back pay, benefits, and other appropriate economic damages;

(2) front pay;

(3) compensatory damages for emotional distress, humiliation, and pain and suffering as determined by the fact finder;

(4) punitive damages for Defendant's willful violation of his federal rights;

(5) all reasonable attorneys' fees, expenses, and related costs;

(6) prejudgment interest and, if applicable, post-judgment interest; and

(7) such other legal or equitable relief to which he may be entitled.

**Respectfully submitted,**

**/s/ LAUREN IRWIN**
**G. BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
**EMILY COSTANZO, BPR No. 041447**
**The Employment & Consumer Law Group**
1720 West End Ave, Ste 402
Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com
lauren@eclaw.com
emily@eclaw.com